**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4338**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MICHAEL DENNIS OLDS,

    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:96-cr-00030-F-2)

─────────────

Submitted:  January 28, 2011   Decided:  February 15, 2011

─────────────

Before NIEMEYER, GREGORY, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a hearing, the district court revoked Michael Olds' supervised release and sentenced him to thirty months in prison. Olds now appeals, claiming that his sentence is plainly unreasonable. We affirm.

At his revocation hearing, the district court found that Olds had committed five Grade C release violations as charged. Olds' criminal history category was III, and his recommended Guidelines range upon revocation of release was 5-11 months. After hearing from counsel and Olds, the court imposed a thirty-month sentence based on the need to protect society from Olds' ongoing drug use and his need for intensive drug therapy.

We will affirm a sentence imposed following revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). Here, our review of the record reveals that the sentence falls within the statutory maximum of five years. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2010). Further, the sentence is procedurally reasonable: in sentencing Olds, the district court considered both the Chapter 7 policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it was permitted to consider. See Crudup, 461 F.3d at 438-40; 18 U.S.C.A. § 3583(e). Notably, two of those factors

2

(the need to protect society and his need for intensive drug therapy, <u>see</u> 18 U.S.C. § 3553(a)(2)(C), (a)(2)(D)) were the court's stated reasons for imposing a sentence above the recommended range. Finally, the sentence is substantively reasonable, for the court adequately explained the sentence. See <u>Crudup</u>, 461 F.3d at 440.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>